**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Rydell Lee, ) | No. CV 04-2560-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Dora B. Schriro, et al., ) | |
| Defendants. ) | |

On April 10, 2007, the Magistrate Judge issued a Report and Recommendation (Doc. #24) recommending that the Petition in this case be denied with respect to grounds 2, 3, and 4. The Magistrate Judge also recommended that this Court stay this case with respect to ground 1 to permit Petitioner to return to state court to exhaust his remedies in state court.

Neither party has filed objections to the R&R. Accordingly, the Court hereby accepts the R&R except as indicated below. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (finding that district courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection" (emphasis added)); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) ("statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise" (emphasis in original)); *see also Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003).

1    Typically, when neither party files objections, this Court does not review the R&R
2 substantively. However, in this case, the Court noted that the R&R recommends that this
3 Court order that this case be stayed and Petitioner advised that he should return to state court
4 to pursue an unexhausted claim. The stay recommendation was based on a claim under
5 *Crawford v. Washington*, 541 U.S. 36 (2004). The Court found this recommendation curious
6 in the habeas context because the Supreme Court has held that *Crawford* is not available in
7 a collateral attack of a conviction. *Whorton v. Bockting*, 127 S.Ct. 1173,1184 (2007).

8    In further reviewing the R&R, the Court notes that the R&R relies on *Bockting v.*
9 *Bayer*, 399 F.3d 1010 (9th Cir. 2005) for the proposition that *Crawford* is available in a
10 collateral attack of a conviction. However, the Ninth Circuit Court of Appeals' decision
11 reported at 399 F.3d 1010 is the very case the Supreme Court reversed to find *Crawford* not
12 retroactive. *Whorton*, 127 S.Ct. at 1184.

13    Based on the fact that *Bockting v. Bayer* is not good law, this Court will not send
14 Petitioner on a fruitless mission to return to state court to attempt to exhaust a claim under
15 *Crawford*.[1]   Therefore, the Court will not accept the R&R with respect to this
16 recommendation. As a result,

17    IT IS ORDERED that, there being no objections, the R&R (Doc. #24) is accepted
18 with respect to the recommendation that grounds 2, 3, and 4 be denied.

19    IT IS FURTHER ORDERED that the R&R (Doc. #24) is rejected as to ground 1
20 because the recommendation would send Petitioner on a pointless endeavor to attempt to
21 exhaust a precluded claim in state court. Further, as to the merits of ground 1, because
22 *Crawford* is not applicable to cases on collateral attack, relief on ground 1 is also denied.

---

26    [1] Petitioner's direct appeal became final 90 days after March 31, 2000, the date the
27 Arizona Supreme Court issued its decision denying review of Petitioner's conviction. R&R at 2; *see also Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir 1999). *Crawford* was decided
28 March 8, 2004, well after Petitioner's conviction became final on direct appeal.

- 2 -

1    IT IS FURTHER ORDERED that, the Court having now found all grounds in the
2 habeas petition should be denied, the Petition for Writ of Habeas Corpus is denied in its
3 entirety and the Clerk of the Court shall enter judgment accordingly.

4    DATED this 9th day of May, 2007.

_____
James A. Teilborg
United States District Judge